Curia, per
Evans, J.
The only question in this case was, whether the running gear, the subject of this action, was a fixture appurtenant to the ■freehold. If it was, then the administrator had no right to sell it, and it passed with the freehold to the defendant. This question, I think, is fully settled by the case of Nimmons vs. Moye, decided in December, 1829, in Columbia. As that case is not reported, I will state the facts as contained in the brief. “ Wm. Nimmons, the plaintiff, purchased from George Dunbar, administrator of the estate of Henry Y. Patrick, deceased, the running gear of a cotton gin, belonging to the estate of Patrick, in January or February, 1828, .and was told he might take it into possession as soon as he pleased. The running gear was attached and fastened, as running gear usually ,is, to the gin house, on one of the plantations of the .deceased, and yet remains in that situation. . The plaintiff says it was not convenient for him to take away the gear at that time, and in March, 1828, .the Commissioner in Equity, by an order of that court, sold the land upon .which the gin house stands, with the appurtenances to the same belonging, at public sale, and Allen Moye, the defendant, became the purchaser, and received Commissioner’s titles. The defendant, previous to the sale of the land, received no notice that the gear had been sold by the administrator, and upon the purchase of the land, he went into possession under the Commissioner’s title ; the running gear of the gin being still attached to the house as aforesaid.”
.On the hearing of this case in the Appeal Court, all the judges were of *333 opinion, that the running gear was a fixture attached to the freehold, and therefore the plaintiff could derive no title from the administrator.
The principle upon which that case was decided, is, that whatsoever is erected upon land as a means of enjoying it, is a fixture ; but whatever is intended for the purpose of carrying on a trade which has no necessary connexion with the use of the land, is a mere chattel, and belongs to the administrator. And it was on the authority of the reasons of this case, that it was held in Faris vs. Walker, 1 Bail. 540, that a cotton gin was a fixture, and passed with the freehold.
I do not perceive any legal distinction between these cases and the one under consideration. In all essential particulars, they are the same. The fact that Hammond knew of the sale to McKenna, if admitted, cannot vary the case, if the administrator from whom the plaintiff bought had no title.
The motion is dismissed.
Gantt, Richardson, Earle, and Butler, JJ. concurred.